UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

MARIT R. BJORDAL,

                      Plaintiff,

v.

HARTFORD LIFE AND ACCIDENT INS. CO.,

                      Defendant.

Civil No. 21-2540 (JRT/LIB)

**MEMORANDUM OPINION AND ORDER AFFIRMING MAGISTRATE JUDGE ORDER**

---

Katherine L. MacKinnon and Nicolet Lyon, **LAW OFFICE OF KATHERINE L. MACKINNON, PLLC**, 2356 University Avenue West, Suite 230, Saint Paul, MN 55114, for Plaintiff.

Adam S. Huhta, **HUHTA LAW FIRM, PLLC**, 36 South Ninth Street, Suite 200, Minneapolis, MN 55402; Elizabeth G. Doolin and Ryan H. Voss, **CHITTENDEN, MURDAY & NOVOTNY LLC**, 303 West Madison Street, Suite 2400, Chicago, IL 60606, for Defendant.

Plaintiff Marit R. Bjordal brought this action against Defendant Hartford Life and Accident Insurance Company ("Hartford"), challenging the denial of long-term disability ("LTD") benefits under an employer-sponsored plan governed by the Employee Retirement Income Security Act ("ERISA"). Plaintiff brought a motion to compel discovery, asserting that she seeks discovery to identify accurate and complete plan documents that apply to her claim, as well as to establish the correct standard of review. Because Magistrate Judge Leo Brisbois concluded that an abuse-of-discretion standard applied to the Court's review of the denial and no exceptions applied, he found that Bjordal is not entitled to seek discovery beyond the administrative record. (Discovery

Order at 8–9, June 17, 2022, Docket No. 34.)  Bjordal appealed the Magistrate Judge's Order denying the motion.  (Pl.'s Obj., July 1, 2022, Docket No. 37.)  Because the Magistrate Judge did not clearly err in finding that the Court's review of Hartford's denial was limited to abuse of discretion and that Bjordal failed to meet an exception that would permit her to obtain discovery beyond the administrative record, the Court will deny Bjordal's appeal and affirm the Magistrate Judge's order.

## BACKGROUND

Bjordal suffers from Scheuermann's Disease and scoliosis, conditions she was diagnosed with as a teenager.[1]  (Discovery Order at 1.)  In 2017, Bjordal was employed as a pharmacist at Grand Itasca Hospital and Clinics and participated in the LTD Plan sponsored by her employer and insured by Hartford.  (*Id.*)  The Policy at issue bore policy number GLT-676443 ("The Policy").  (*Id.*)  Because of her worsening medical condition, on January 1, 2020, Bjordal voluntarily reduced her hours to cope with the demands of her job but did not disclose her medical condition to her employer.  (*Id.* at 2.)  On August 7, 2020, Bjordal took work leave for surgery and continued to seek medical care but was unable to return to her previous level of employment.  (*Id.*)  Bjordal's employment at Grand Itasca Hospital and Clinics was terminated at some unspecified time thereafter,

---

[1] The Magistrate Judge recites the facts as alleged in Plaintiff's Complaint.  As neither party disputes the Magistrate Judge's recitation of the facts, for the purposes of this Order, the Court adopts the facts set out in the Magistrate Judge's Discovery Order and recites the facts relevant to resolve Bjordal's appeal.

and Bjordal credits the termination as resulting from her lengthy work absence. (*Id.*) After exhausting her short-term disability benefits, Bjordal applied for LTD benefits. (*Id.*) Her application for LTD benefits was denied on February 2, 2021, and she appealed this denial on August 12, 2021. (*Id.*) Bjordal's appeal was denied on October 1, 2021. (*Id.*)

Bjordal initiated the present action on November 22, 2021, alleging that Hartford's denial of her application for LTD benefits is a breach of the Policy and violates ERISA. (*Id.*) On February 28, 2022, the Magistrate Judge issued the operative Pretrial Scheduling Order, which provided that "[a]ny motions which seek to expand discovery beyond the Administrative Record are to be filed and the Hearing thereon completed by May 31, 2022." (Pretrial Scheduling Order at 1–2, Feb. 28, 2022, Docket No. 19.)

Bjordal filed her motion to compel discovery on May 17, 2022, seeking to require "Defendant to respond to Plaintiff's First Set of Document Requests to Defendant" and for "Defendant to produce the entire policy between Defendant Hartford and Grand Itasca Hospital and Clinics, including but not limited to, the original policy, any and all amendments to that policy, and all Certificates of Insurance incorporated by reference into the policy." (Pl.'s Mot. Compel at 1, May 17, 2022, Docket No. 23.) Bjordal asserted that she "requested [discovery] so that the parties can identify the complete and accurate plan documents relating to [her] claim and determine the standard of review." (Pl.'s Mem. Supp. Mot. at 2, May 17, 2022, Docket No. 25.) In support of the motion, Bjordal's counsel provided an affidavit with several exhibits: exhibits 1 and 2 were purported

Certificates of Insurance for the Policy provided by Grand Itasca Hospital, exhibits 3 and 4 were listed as Certificates of Insurance provided as part of the administrative record, and exhibit 5 was listed as an Amendment to the Policy that was provided as part of the administrative record. (Aff. of Nicolet Y. Lyon ("Lyon Aff.") at 1–2, Exs. 1–5, May 17, 2022, Docket No. 26.)

The Magistrate Judge found that because the Court's review of the denial was limited to abuse of discretion and no exceptions applied, the record is limited to the administrative record. (Discovery Order at 5–6.) The Magistrate Judge further found that no discovery was necessary to determine whether Minnesota law[2] barred non-discretionary review, (*Id.* at 7–8.), and denied Bjordal's motion. (*Id.*) Bjordal timely appealed this denial arguing the Magistrate Judge's conclusion was erroneous and seeking an order compelling discovery. (*See* Pl.'s Obj. at 18.)

---

[2] The relevant law is Minn. Stat. § 60A.42, which provides that "[n]o policy, contract, certificate, or agreement offered or issued in this state providing for disability income protection coverage may contain a provision purporting to reserve discretion to the insurer to interpret the terms of the contract or provide a standard of review that is inconsistent with the laws of this state, or less favorable to the enrollee when a claim is denied than a preponderance of the evidence standard." This ban applies to policies issued or renewed after January 1, 2016. Minn. Stat. § 62A.241. Bjordal argued that discovery was needed because if the policy was "issued or renewed" after January 1, 2016, section 60A.42 precludes the grant of discretionary authority in the Policy. (Discovery Order at 8.) The Magistrate Judge found Bjordal's argument unpersuasive because the differing dates on the Certificates of Insurance did not create an ambiguity, nor was there any indication that that Policy needed to be renewed before Bjordal's application of long-term disability benefits in 2020. (*Id.*)

**DISCUSSION**

The standard of review applicable to an appeal of a Magistrate Judge's order on nondispositive pretrial matters is extremely deferential. *Roble v. Celestica Corp.*, 627 F.Supp.2d 1008, 1014 (D. Minn. 2007). This Court will reverse such an order only if it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); D. Minn. L.R. 72.2(a).

Courts review a denial of benefits under an ERISA plan *de novo* unless the plan gives the administrator fiduciary discretion to determine eligibility for benefits, in which case an abuse of discretion standard of review is used. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 111 (2008); *Ingram v. Terminal R.R. Ass'n of St. Louis Pension Plan for Nonschedule Emps.*, 812 F.3d 628, 630–31 (8th Cir. 2016). In conducting its review of a benefits determination, a court is limited to a review of the evidence that was before the administrator when the claim for benefits was denied. *Jones v. ReliaStar*, 615 F.3d 941, 945 (8th Cir. 2010); *LaSalle v. Mercantile Bancorporation, Inc. Long Term Disability Plan*, 498 F.3d 805, 811 (8th Cir. 2007). For this reason, courts generally do not allow the parties in ERISA cases to obtain additional discovery. *See Atkins v. Prudential Ins. Co.*, 404 F. App'x. 82, 84–85 (8th Cir. 2010). In essence, "additional evidence gathering is ruled out on deferential review, and discouraged on de novo review to ensure expeditious judicial review of ERISA benefit decisions and to keep district courts from becoming substitute

plan administrators." *Brown v. Seitz Foods, Inc., Disability Benefits Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998) (internal quotation marks and citation omitted).

However, a court may allow expanded discovery if certain exceptions apply. Relevantly, a court may admit evidence outside the administrative record for the purpose of determining whether to conduct deferential or de novo review of the administrator's decision. *Ingram*, 812 F.3d at 634. And if the appropriate standard of review is de novo, then the district court may admit additional evidence for the purpose of deciding the merits "if there is good cause to do so." *King v. Hartford Life & Accident Ins.*, 414 F.3d 994, 998 (8th Cir. 2005) (en banc). For example, resolving a dispute about what was included in the administrative record that requires considering evidence not in the administrative record could serve as an exception to the rule limiting discovery. *See, e.g.*, *Koons v. Aventis Pharms., Inc.*, 367 F.3d 768, 772, 779–80 (8th Cir. 2004) (affirming the district court's decision to permit a witness to "testif[y] to what would have been contained in [a] document" that was before the ERISA plan administrator but was "lost . . . before [the] litigation began"). Still, the decision to permit discovery beyond the administrative record is within the Court's broad discretion regarding discovery matters. *See LaSalle*, 498 F.3d at 811.

**I.    BJORDAL'S OBJECTIONS**

In Bjordal's appeal of the Discovery Order, she argues that exceptions existed that should have compelled the Magistrate Judge to grant her motion to compel discovery.

These exceptions, she argues, include consideration of all provisions of the applicable plan document to resolve a dispute over what are the plan documents and determining the correct standard of review.

### A. Consideration of the terms governing the Policy to resolve dispute about evidence in administrative record[3]

Bjordal first argues that the administrative record is lacking an original policy and the Magistrate Judge's finding that the documents in the administrative record, the two Certificates of Insurance and exhibit 5, which she terms a "policy amendment," constituted the Policy was a clear error of law. (Pl.'s Obj. at 7.) Bjordal notes that Hartford provided no authentication to prove the certificates and policy amendment are the policy, citing *Barham v. Reliance Standard Insurance Co.* to suggest that where the defendant provides no authentication of a policy and a movant raises questions about such policy, discovery should be permitted. (*See id.* at 11-12 (citing *Barham v. Reliance Standard Life Ins. Co.*, 441 F.3d 581, 583–85 (8th Cir. 2006)).

The Magistrate Judge's determinations here are not clearly erroneous. Bjordal's counsel's affidavit contained all the relevant documents for the Magistrate Judge to

---

[3] Bjordal in her objection lists out three purported exceptions: "(1) To allow for consideration of the terms of the governing plan/policy document, (2) To resolve a dispute about what evidence was included in the administrative record and that can only be done with evidence not in the administrative record; and (3) To determine the correct standard of review." (Pl.'s Obj. at 8.) However, her analysis groups the first two exceptions. As such, the Court discusses the first two together.

determine that the Policy was produced. Bjordal's Exhibit 5 is the Policy at issue, bearing the correct policy number and referring to itself as the Policy. Bjordal's assertion that this document is merely an amendment is unsupported by the language on the face of that document, describing that an amendment to the Policy was processed on January 31, 2020, and that "any changes between **this policy** and the previously issued policy are effective January 1, 2020" but that all other terms and conditions and dates remain unchanged. (Lyon Aff., Ex. 5 at 1 (emphasis added).) As the Magistrate Judge notes, while "the complete administrative record is not on the Court's electronic docket," (Discovery Order at 5 n.2), the Policy at issue was produced.

Further, as to whether some specific authentication is required, *Barham* is easily distinguishable from this case. In *Barham*, there was a discrepancy between two policies on the record before the court: one policy included in the administrative record that was authenticated by an employee of the insurance company, Reliance, did not grant discretionary authority and another policy attached as an exhibit to Reliance's counsel's brief without an affidavit verifying its authenticity but granting discretionary authority. *Barham*, 441 F.3d at 583. The Eighth Circuit there determined that it would not "condone the unorthodox manner in which Reliance's counsel presented the district court with Exhibit 'A'—a policy that differed in a very material respect from the one within the administrative record." *Id.* at 584. It further determined that "[u]nder these circumstances, even if Exhibit 'A' had been submitted with a supporting affidavit, it would

have been inappropriate for the district court to consider it unless Reliance also gave a satisfactory explanation for its contradiction with the [other] affidavit." *Id.* at 585. Thus, the presentation of two materially different policies and the notable lack of authentication on the policy submitted in support of a more favorable standard of review, weighed heavily on the Eighth Circuit's analysis as to authentication of the record.

Those circumstances are lacking here. The record here does not contain two materially different policies where one was authenticated and the other was not. Instead, the documents embracing the administrative record included a Policy, together with Certificates of Insurance that are incorporated into the Policy. Bjordal's assertion that *Barham* necessitates some specific authentication is misguided, especially where the Policy in no uncertain terms designates itself as the Policy. The Magistrate Judge did not err in finding that the first exception, permitting expanded discovery to resolve a dispute about what was included in the administrative record based on evidence not in the record, does not apply.

    **B.**    **Necessary to determine the correct standard of review**

Bjordal next asserts that it was an error of law for the Magistrate Judge to hold that Bjordal could not have discovery concerning policy renewal because whether the policy was renewed after January 1, 2016, would determine the applicable standard of review. Specifically, she argues that §60A.42 may apply if the Policy was **issued or renewed** after January 1, 2016, and because the administrative record does not explain

when the Policy was issued or renewed and the Certificates of Insurance list different anniversary dates, the information is conflicting and expanded discover is needed to determine what the correct plan document is and what it says. (*Id.* at 14; Pl.'s Mem. Supp. Mot. at 7–8, 12–14, May 17, 2022, Docket No. 25.)

As Bjordal correctly notes, nothing in the Policy (which she terms "policy amendment") specifies a renewal date. While the Certificates of Insurance bear different Policy Anniversary Dates, this does not mean these are renewal dates. In *Roebuck v. USAble Life*, Arkansas had a similar regulation which precluded the application of a clause in a policy granting the administrator discretion that applied to policies issued or renewed on or after March 1, 2013. 992 F.3d 732, 736 (8th Cir. 2021). The plaintiff there argued that an abuse of discretion standard was precluded because the disputed policy was issued on January 1, 2011, and listed a single renewal date of January 1, 2012, thus the anniversary date mentioned in the policy effectively served as a renewal date because of a passing mention of a "first renewal" date in the policy. *Id.*

The Eighth Circuit disagreed, finding that there was no precedent to treat anniversary dates as renewal dates. *Id.* ("The few district courts to address the issue have strictly interpreted the terms of the insurance contract and generally declined to find that an anniversary date constitutes a policy renewal absent explicit contract terms stating so."). It then concluded that the plain terms of a policy control renewal timelines, whether a renewal is necessary to keep the policy in force, and whether an anniversary

date should be considered a renewal. *Id.* at 737. The court held that Arkansas's discretionary ban regulation did not apply to the policy's discretionary clause because the policy's plain terms showed that the policy had not automatically renewed after January 2012, and there was no other evidence of a renewal after the effective date of regulation. *Id.*

Here, on the Policy's plain terms, the Policy lists an effective date of June 1, 2015, with no specific mention of a renewal date. The anniversary date is not a renewal date, and there is no other evidence of a renewal date after the effective date of Minn. Stat. § 60A.42, January 1, 2016. There is no indication on the Policy that it needed to be renewed before Bjordal's application for long-term disability benefits in 2020. (*See* Discovery Order at 7–8.) The differing "Policy Anniversary Date" on the different copies of the Certificates of Insurance is irrelevant because the anniversary date is not clearly a renewal date. *See Roebuck*, 992 F.3d at 736.

In any event, the discrepancy, if any, within those document dates concerns documents not part of the administrative record, as the two Certificates of Insurance with the different anniversary date were provided by Grand Itasca Hospital and Clinics and not provided as part of the record. Since the Policy's plain terms indicate an effective date before the institution of Minnesota's discretionary language ban and the Policy clearly grants discretionary authority to the policy administrator, the Magistrate Judge did not error in determining its review is limited to an abuse of discretion and the evidence

contained in the administrative record. As such, the Magistrate Judge did not err in determining that Bjordal failed to show that expanded discovery is needed to determine the standard of review.

## CONCLUSION

Because the Magistrate Judge did not clearly err in finding that the Court's review of the administrator denial is limited to abuse of discretion and that Bjordal failed to meet the relevant exceptions, including to allow consideration of the terms of the Policy, to resolve a dispute about what evidence was included in the record using out of record evidence, or to determine the correct standard of review, that would permit her to obtain discovery beyond the administrative record, the Court will deny Bjordal's appeal and affirm the Magistrate Judge's decision.

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Appeal of the Magistrate Judge's Order denying the motion to compel discovery [Docket No. 37] is **DENIED**; and

2. The Magistrate Judge's June 17, 2022, Order [Docket No. 34] is **AFFIRMED**.

DATED: November 16, 2022  
at Minneapolis, Minnesota.

_____  
JOHN R. TUNHEIM  
United States District Judge